Nash, J.
 

 The bill seeks to rescind certain contracts entered into between the intestate, Robert Carr, and the defendant. The case was under the consideration of this Court, at June Term 1838. 1
 
 Dev. & Bat.
 
 344. The Court then declared Robert Carr to be a lunatic, and to enable it to decide whether the contracts should be rescinded, they directed a reference to the Master, to en-quire whether the estate of the lunatic had received benefit by the sales and transactions, mentioned in the pleadings and to what extent. The master was directed to report upon each of the contracts specially, what was the true value'of each of the things sold by the defendant, and received by the lunatic; and whether the plaintiff, can make restoration to the defendant of all or any of the articles so purchased. The master has made his report, from which it appears that the defendant sold to Robert Carr, three articles, a sulky at $85, the true value of which was $65, a watch at @65, and a tract of land at the price of $668 68, neither beyond its value. These sales amounted in the aggregate to $818 68 — the real value $796 58- — making a difference of @20. The master
 
 *168
 
 further finds that in part pay of the land, Robert Carr had transferred to the defendant, a negro boy at the price of $150, and that he was worth at the time $180, a difference of $30 These two differences amount to $50,- a sum not greater than might, and probably would have occurred, if the contracts had been made by men, who ■were both capable of contracting. The master further reports that the plaintiff cannot make restoration to the plaintiff of any of the property so purchased by him, and that the contracts were made by the defendant in good faith, without any knowledge of the incapacity of Robert Carr, and that no undue advantage was taken of him. In such a case, as we before decided, equity will not interfere to set aside the contracts. Justice cannot be done the defendant by placing him in the state he was in before the purchase. The Court in this case has said, “the Court will not deprive him (the defendant) of the advantages he has obtained without restoring to him whatever benefit the estate
 
 of the
 
 lunatic has received in consequence of the contracts.” This, we are informed, cam* not be done.
 

 The bill must be dismissed with costs.
 

 Pur Curiam.
 

 Decree accordingly.